# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

TODD N. WARD,

    Plaintiff,                                 CASE NO. 05-CV-10215-BC

v.                                            MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

**I.**     **OPINION**

Plaintiff seeks judicial review of the final decision of the Defendant Commissioner which holds that he is not entitled to a period of disability and disability insurance benefits. Plaintiff filed his complaint *pro per* on August 17, 2005, and pursuant to a Consent to the Exercise of Jurisdiction and Order of Reference issued on August 30, 2005, (Dkt. 5) this case was referred to the undersigned Magistrate Judge.

Initial review of the Court's docket provided no indication that service of the complaint had been made upon the United States Attorney's Office. Therefore, on December 22, 2005, I issued an Order for Further Proceedings, directing Plaintiff to make service upon the United States Attorney and to file proof of service with the Court on or before January 24, 2006. Notice was also given that "Plaintiff's failure to comply will result in this Magistrate Judge issuing a recommendation that the case be dismissed for no progress pursuant to E.D. Mich. LR 41.2."

"Even a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id*. at 113.

I therefore conclude that since more than 120 days have passed since the filing of this suit, without service upon the Defendant United States Attorney, the Court may *sua sponte* exercise the authority granted under Rule 4(m) of the Federal Rules of Civil Procedure and dismiss this case without prejudice.

*Pollitt v. General Motors Corp.*, 894 F.2d 858 (6th Cir. 1990) is instructive. There, as here, plaintiff was proceeding *pro se*. Plaintiff appealed the district court adoption of a magistrate's report and recommendation for dismissal without prejudice for want of prosecution. As in this case, the plaintiff was given notice that dismissal was possible. The Sixth Circuit affirmed the dismissal without prejudice, citing Rule 41(b) of the Federal Rules of Civil Procedure and earlier Sixth Circuit precedent for the proposition that a district court has the inherent authority to dismiss an action for failure to comply with the court's orders and for want of prosecution. I agree that a similar result should obtain in this case.

## II.     ORDER

For the reasons set forth above, **IT IS ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**[1] for want of prosecution.

---

[1] Dismissal without prejudice means that a litigant may refile his case at some later date.

2

**III.    REVIEW**

Review of this Order is governed by 28 U.S.C. § 636(c)(3).

                                          s/ *Charles E Binder*
                                          CHARLES E. BINDER
Dated: January 30, 2006                United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date and served in the traditional manner on Todd Ward.

Dated: January 30, 2006                By     s/Mary E. Dobbick
                                                  Secretary to Magistrate Judge Binder